UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

KATHLEEN M. RIES,                                        Case No. DT 09-10374
                                                         Hon. Scott W. Dales
                    Debtor.
_____/

DAVID GALLOWAY,

                    Plaintiff,                           Adversary Proceeding
                                                         No. 09-80509
v.

KATHLEEN M. RIES,

                    Defendant.
_____/

**OPINION AND ORDER REGARDING SERVICE OF COMPLAINT**

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

Plaintiff David Galloway ("Plaintiff" or "Mr. Galloway") attempted to serve Debtor-Defendant Kathleen Ries ("Debtor" or "Ms. Ries") with a summons and complaint, but experienced difficulty effecting service. Because of doubts about service, he filed Plaintiff's Motion to Extend Time for Service of Summons for Good Cause (the "Motion," DN 6). Through the Motion, Plaintiff seeks an order either blessing the service as described in the Motion, or directing the Clerk to reissue a summons. The court concludes that Plaintiff has not properly served the Debtor, and therefore will direct the Clerk to reissue the summons.

Mr. Galloway commenced this adversary proceeding by filing his complaint against Ms. Ries on November 9, 2009. The Clerk issued a summons on November 10, 2009. Under Rule

7004(e)[1] then in effect, Mr. Galloway was required to serve the summons and complaint within ten days after the Clerk issued the summons. Because he elected to serve Ms. Ries by mail, he was obliged to deposit the summons and complaint in the mail within that time, before the summons expired.[2] See Fed. R. Bankr. P. 7004(e).

The Plaintiff's counsel served the summons and complaint by certified mail on November 10, 2009, in an envelope addressed to the Debtor at the address she specified in her petition. According to the Motion, however, the United States Postal Service was unable to deliver the envelope.[3] The Motion also reports that the Plaintiff's counsel sent a copy of the complaint to the Debtor's bankruptcy counsel, but apparently did not send Debtor's counsel a copy of the summons (which was not yet issued at the time the Plaintiff mailed the complaint to Debtor's counsel). See Motion at ¶ 11(A).

Evidently concerned about service after the Postal Service returned the envelope as unclaimed, Plaintiff's counsel arranged for a Charlevoix County Sheriff's deputy to personally serve the Debtor on December 19, 2009, admittedly after the summons had become stale under Rule 7004(e).

Rule 7004(b)(9) authorized the Plaintiff to mail the summons and complaint to the Debtor at the address shown on the petition. That the Debtor may not have received these documents is not fatal because, as the United States Court of Appeals for the Seventh Circuit has

---

[1] In this Opinion, the court will refer to Fed. R. Bankr. P. 7004 as "Rule 7004" and Fed. R. Civ. P. 4 as "Rule 4."

[2] Effective December 1, 2009, a summons remains valid for fourteen days after issuance. See Fed. R. Bankr. P. 7004(e).

[3] The postal documents attached to the Motion recite that the letter was "unclaimed," not that the address was incorrect. In the court's experience, many debtors have come to learn that only bad news arrives by certified mail and, for good or ill, they are reluctant to acknowledge receipt. This fact of life has prompted some lawyers to send important correspondence both by certified mail, return receipt requested (in case a debtor is willing to sign), and also by regular first class mail, in a plain envelope. The plain envelope frequently stands a better chance of getting through, and in many circumstances is equally effective.

explained, Rule 7004(b)(9) does not require a debtor to receive the summons and complaint, but instead only requires a plaintiff who relies on that rule to mail it to the debtor at the debtor's designated address.  Bak v. Vincze (In re Vincze), 230 F.3d 297 (7th Cir. 2000).  Therefore, it appears the Plaintiff has satisfied Rule 7004(b)(9).

Because the Debtor retained counsel, however, Rule 7004(g) also required Mr. Galloway to serve Debtor's counsel with the summons and complaint.  In re Vincze, 230 F.3d at 299 ("Rule 7004(b)(9) does not require proof of actual receipt; it requires only that the *summons and complaint* be mailed to *both the debtor and the debtor's attorney*.") (emphasis added); Dreier v. Love (In re Love), 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999) ("Rule 7004(b)(9) unambiguously provides that service of process upon a debtor is not sufficient unless both the debtor and his attorney are served with the *summons and a copy of the complaint*") (emphasis added).  The Motion reports that Plaintiff's counsel sent a copy of the complaint to Debtor's counsel on November 9, 2009, but because the Clerk did not issue the summons until November 10, 2009, the court concludes that Plaintiff's counsel did not send a copy of the summons to Debtor's counsel, as Rule 7004(g) required.   Because technically correct service is the means by which the court obtains personal jurisdiction over a defendant, the court must insist upon "strict compliance" with service requirements.  In re Love, 232 B.R. at 377-78 (citing Meganck v. Couts (In re Couts), 188 B.R. 949, 953 (Bankr. E.D. Mich.1995), and Friedman v. Estate of Presser, 929 F.2d 1151, 1155-56 (6th Cir.1991)).

Of course, the deputy sheriff's personal service of the summons and complaint was ineffective because by the time he served Ms. Ries, the summons had become stale under Rule 7004(e), and also because her counsel was not served with process under Rule 7004(g).

Therefore, the court finds the Plaintiff failed to properly serve the Debtor in accordance with Rule 7004.

Under Rule 4(m), made applicable by Rule 7004(a), Mr. Galloway has 120 days from November 9, 2009 to effect service, or such longer period as the court may allow.  Under the circumstances, he has ample time remaining under Rule 4(m) to serve Ms. Ries, and no need for any extension.  Accordingly, the court will direct the Clerk to issue a new summons under Rule 7004(e) and forward it to Plaintiff's counsel forthwith.  Counsel may re-attempt service in accordance with the court's Rules and this Opinion and Order, and should not rely on prior service attempts described in the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 6) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Clerk shall issue a new summons and deliver it to Plaintiff's counsel forthwith.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Amber L. Stover, Esq., Attorney for Plaintiff, Kathleen M. Ries, Debtor, at her address on file with the court, and S. Garrett Beck, Esq., Debtor's counsel in base case.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: January 14, 2010**